IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELO CORTEZ, JR., a/k/a | : | CIVIL ACTION |
| ISRAEL POLANCO, JR., | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | No. 08-4691 |
| RANDOLL E. BRITTON, et al., | : | |
|     Respondents. | : | |
| | : | |

**O R D E R**

AND NOW, this 10th day of March, 2009, upon consideration of the Petition for a Writ of Habeas Corpus (Doc. No. 1), Respondent's Answer (Doc. No. 9), the Report and Recommendation of the Magistrate Judge (Doc. No. 12), Petitioner's Objections to the Report and Recommendation (Doc. No. 13), and all related submissions, it is hereby **ORDERED and DECREED:**

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The Petition for a Writ of Habeas Corpus is **DENIED**;

4. There is no basis for the issuance of a certificate of appealability; and

5. The Clerk of the Court shall close this matter for statistical purposes.

## BACKGROUND

On May 3, 2004, Petitioner plead guilty in state court to robbery, escape, and two counts of aggravated assault, receiving consecutive sentences for an aggregate term of twenty-five to fifty-four years imprisonment.  See Commonwealth v. Polanco, No. 1234 MDA 2006, Mem. Op. at 1-2 (Pa. Super. Ct. Feb. 5, 2008).  On April 25, 2005, the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence.  Id.  Petitioner did not seek *allocatur*.

On March 15, 2006, Petitioner filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act.  42 Pa. Con. Stat. § 9541.  Following the appointment of counsel, Petitioner's counsel filed a "no merit" letter and sought leave to withdraw.  On July 7, 2006, the PCRA Court permitted counsel to withdraw and denied Petitioner's *pro se* PCRA petition. Commonwealth v. Polanco, No. 06-CR-730-1999 (Ct. Com. Pl. Berks July 7, 2006).  The Superior Court affirmed on February 5, 2008.  Commonwealth v. Polanco, 876 A.2d 468 (Pa. Super. Ct. 2005).  The Supreme Court denied *allocatur* on August 11, 2008.  Commonwealth v. Polanco, 954 A.2d 576 (Pa. Aug. 11, 2008).

On September 29, 2008, Petitioner, acting *pro se*, sought habeas relief in this Court.  28 U.S.C. § 2254.  On February 18, 2009, the Honorable L. Felipe Restrepo filed his Report, recommending that I deny the Petition.  (Doc. No. 12.)  Petitioner objected to the Report and Recommendation on March 6, 2009.  (Doc. No. 13.)

## STANDARD OF REVIEW

The extent of my review of a Magistrate's report is committed entirely to my discretion. See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa. 1994); see also Thomas v. Arn, 474

U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994).  I may "accept, reject or modify, in whole or in part, the [M]agistrate's findings or recommendations."  Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  I must review *de novo*, however, those portions of the Report to which specific objection is made. 28 U.S.C. § 636 (b)(1)(C); see generally Goney, 749 F.2d at 6-7.

## PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

In his Objections, Petitioner simply restates arguments that the Magistrate Judge considered and rejected.  To the extent he actually addresses the Report and Recommendation, his "objections" are extremely general.  Accordingly, I need not review *de novo* those portions of the Report and Recommendation to which these objections are apparently directed.  See Goney, 749 F.2d at 7 (*de novo* review not required where objections are "clearly general in nature").  Because Petitioner is proceeding *pro se*, however, I will construe his objections as liberally as I can.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

I. Trial Counsel's Failure to Advise Petitioner that Consecutive Sentences Might Be Imposed

Petitioner restates his argument that trial counsel was ineffective for failing to inform Petitioner that the trial court might impose consecutive, rather than concurrent, sentences. (Doc. No. 13 at 1.)  The Magistrate Judge considered and rejected this argument, concluding that Petitioner could not demonstrate prejudice based on counsel's alleged error because during his

3

sentencing hearing, Petitioner twice confirmed that he understood that the court could impose consecutive or concurrent sentences. (Doc. No. 12 at 13-14.) The Pennsylvania Superior Court similarly determined that Petitioner could not demonstrate prejudice because "the trial court clearly corrected any misapprehension regarding this matter by informing [Petitioner] that his sentences could be imposed consecutively." Doc. No. 12 at 15. Accordingly, the Magistrate Judge concluded that Petitioner could not demonstrate a "reasonable probability that, but for counsel's [alleged] errors, [Petitioner] would not have pleaded guilty and would have insisted on going to trial." Weeks v. Snyder, 219 F.3d 245, 257 (3d Cir. 2000) (quotations omitted). Petitioner does not challenge this analysis. Accordingly, I overrule this Objection.

II.     Trial Counsel's Failure to Object to the Imposition of Consecutive Sentences

Petitioner also restates his argument that trial counsel was ineffective for failing to object to the imposition of consecutive sentences. (Doc. No. 13 at 2.) The Magistrate Judge concluded that because Petitioner was made aware by the trial court that his sentences could be imposed consecutively, "any objections by counsel in that regard would have been without merit." Doc. No. 12 at 18 (citing United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999)). Petitioner does not challenge this conclusion. Accordingly, I overrule this Objection.

III.    Other Objections

Petitioner finally argues that the Magistrate Judge erred by "assuming that [Petitioner] has failed to make a showing of a denial of a Constitutional Right." (Doc. No. 13 at 1.) My review of Judge Restrepo's thoughtful Report makes clear that he fully considered each of Petitioner's

constitutional arguments.  Accordingly, I overrule this Objection.

## **CONCLUSION**

Upon careful consideration of the Magistrate Judge's Report and Recommendation, Petitioner's Objections, and all related submissions, I overrule the Objections and accept and adopt the Magistrate Judge's Report and Recommendation.

                                                 AND IT IS SO ORDERED.

                                                 _s/ Paul S. Diamond_
                                                 **Paul S. Diamond, J.**